Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

[Additional Counsel on Signature Page]

Attorneys for Joseph O'Bryne

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph O'Bryne<br><br>                    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>                    Defendant. | **Case No: 12-CV-00447-IEG-NLS**<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES**<br><br>**Date:  January 14, 2013**<br>**Time: 10:30 a.m.**<br>**Crtrm: 1**<br><br>**Judge: Hon. Irma E. Gonzalez** |

HYDE & SWIGART
San Diego, California

*Table of Contents*

I.    Introduction ....................................................................................................1

II.   Factual Background ........................................................................................1

III.  Legal Standards..............................................................................................2

IV.   Summary of the Argument .............................................................................3

V.    Argument ........................................................................................................3

A.    By alleging an account stated in its state complaint, PRA misrepresented the legal status of the debt, which violates 15 U.S.C. § 1692e(2)(A) ........................................4

1.    There was never an account stated in this case....................................5

i.    Neither party to this supposed account stated cause of action alleged by PRA, much less both, ever intended to form such an agreement .............................6

a.    O'Bryne denies that he and Capital One ever formed an account stated ...6

b.    Capital One also denies that it ever formed an account stated ..................7

ii.   PRA lost in state court on this supposed account stated because of its misrepresentations ...........................................................................7

iii.  In summary, this "account stated" was fabricated by PRA, which in turn violated the FDCPA ........................................................................8

B.    By alleging that O'Bryne owed contractual fees and interest under other common counts, PRA violated 15 U.S.C. § 1692f(1)................................................................10

1.    PRA misrepresented the amount recoverable under a theory of unjust enrichment, and in the process violated the FDCPA .............................................10

i.    Unjust enrichment only lies in the absence of an enforceable contract .........11

ii.   Capital One also admitted in deposition that the $3,421.74 alleged due included contractual fees and interest in violation of the FDCPA.................13

2.    PRA also misrepresented the amount recoverable under theories of money lent and goods, wares and merchandise, and in the process violated the FDCPA.......14

i.    Assumpsit ......................................................................................14

**HYDE & SWIGART**
San Diego, California

ii.   Assumpsit is intended to prevent unjust enrichment, and not to enforce contractual claims for damages other than restitution .....................................15

iii.   Even for claims based on an express contract, the only remedy available under assumpsit is restitution..........................................................................15

iv.   The rationale for allowing only restitution under assumpsit is that the express contract has been waived .............................................................................16

v.   As PRA claimed a right to contractual interest and fees under a theory of assumpsit, PRA claimed a right to more money than was actually recoverable under a theory of assumpsit .........................................................................17

C.   The Rosenthal Act establishes liability under California law for violations of the FDCPA............................................................................................................17

VI.   Conclusion ...........................................................................................................18

1

*Table of Cases*

2  *Abels v. JBC Legal Group, P.C.*

3        227 F.R.D. 541 ...................................................................................18

4  *Alkan v. Citimortgage, Inc.*

5        336 F. Supp. 2d 1061 (N.D. Cal. 2004) .............................................18

6  *American Fruit Growers, Inc. v. Jackson*

7        203 Cal. 748 (Cal. 1928)..................................................................6

8  *Anderson v. Liberty Lobby, Inc.*

9        477 U.S. 242  (1986) .....................................................................2-3

10  *Block v. D. W. Nicholson Corp.*

11        77 Cal. App. 2d 739 (Cal. App. 1947) ..............................................9

12  *Celotex Corp. v. Catrett*

13        477 U.S. 317 (1986)........................................................................2

14  *Clark v. Capital Credit & Collection Servs., Inc.*

15        460 F.3d 1162 (9th Cir. 2006) .......................................................4, 9

16  *Continental D.I.A. Diamond Products, Inc v. Dong Young Diamond Industrial Co., Ltd.*

17        2008 U.S. Dist. LEXIS 65908 (N.D. Cal. August 26, 2008) ............12

18  *Dinosaur Development, Inc. v. White (1989)*

19        216 Cal.App.3d 1310 ....................................................................10

20  *Donohue v. Quick Collect, Inc.*

21        592 F.3d 1027 (9th Cir. 2010)......................................................5, 8

22  *Dunham v. Portfolio Recovery Assocs., LLC*

23        663 F.3d 997 (8th Cir. Ark. 2011) ...................................................3

24  *Dupuy v. Weltman*

25        442 F. Supp. 2d 822 (N.D. Cal. 2006) ............................................17

26  *Edstrom v. All Services and Processing*

27        2005 U.S. Dist. LEXIS 2773 (N.D.Cal. February, 2005) .................18

28

HYDE & SWIGART
San Diego, California

*Farmers Ins. Exchange v. Zerin*

　　(1997) 53 Cal.App.4th 445 ...................................................................17

*Foster v. DBS Collection Agency*

　　463 F. Supp. 2d 783 (S.D. Ohio 2006)...........................................4, 9

*Gardner v. Watson*

　　170 Cal. 570 (Cal. 1915).................................................................6, 9

*Gerlinger v. Amazon.com Inc*

　　311 F Supp 2d 838 .....................................................................11 - 12

*Hemenover v. Lynip*

　　107 Cal. App. 356 (Cal. App. 1930) ..................................................7

*Kimber v. Fed. Fin. Corp.*

　　668 F. Supp. 1480 (M.D. Ala. 1987)..................................................3

*Lopez v. Washington Mutual Bank, FA*

　　2010 U.S. Dist. LEXIS 38307 (E.D. Cal. April 16, 2010)................13

*Mains v. City Title Ins Co.*

　　(1949) 34 Cal.2d 580 ......................................................................15

*McBride v. Boughton*

　　(2004) 123 Cal.App.4th 379 .................................................14, 16 - 17

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*

　　637 F.3d 939 (9th Cir. Mont. 2011).......................3, 4, 7 - 9, 11, 13 - 14

*Mejia v. Marauder Corp.*

　　2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) ..............................18

*Mercantile Trust Co. v. Doe*

　　26 Cal. App. 246 (Cal. App. 1914) ....................................................5

*Moya v Northrup*

　　(1970) 10 Cal. App. 3d 276................................................................15

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*

　　210 F.3d 1099 (9th Cir. 2000)............................................................2

HYDE & SWIGART
San Diego, California

*Paracor Finance, Inc v General Electric Capital Corporation*

 96 F 3d 1151 (9th Cir 1996) ...............................................................10 - 12

*People v. Martinson*

 (1986) 188 Cal. App. 3d 894...............................................................10 - 11

*Perry v. Schwartz*

 219 Cal. App. 2d 825 (Cal.App. 2d Dist. 1963) ................................6-8

*Philpott v. City of Los Angeles*

 (1934) 1 Cal 2d 512 ................................................................................17

*Qwest Communications Corporation v. Herakles, LLC*

 2008 US Dist LEXIS 22154 (E.D. Cal. March 20, 2008) ....................12

*R.E. Tharp v. Miller*

 261 Cal App 2d 81 (1968)..........................................................................5

*Reichert v. Nat'l Credit Sys.*

 531 F.3d 1002 (9th Cir. Ariz. 2008) ..............................................11, 13

*Sial v. Unifund CCR Partners*

 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008) ....................18

*Stark v. McAllister*

 65 Cal. App. 2d 577 (Cal. App. 1944) ...................................................9

*Strange v. Wexler*

 796 F. Supp. 1117 (N.D. Ill. 1992).....................................................4, 9

*Sutter Home Winery v. Vintage Selections*

 971 F.2d 401 (9th Cir 1992).....................................................................12

*Total Coverage Inc v. Cedant Settlement Services Group, Inc*

 252 Fed Appx 123 .....................................................................................12

*Utility Audit Co. v. City of Los Angeles*

 (2003) 112 Cal.App.4th 950 ....................................................................16

*Zumbrun v. University of Southern California*

 (1972) 25 Cal.App.3d 1 ......................................................................16-17

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

***Federal Rules of Civil Procedure***

Fed. R. Civ. P. 56(c) ................................................................................................2-3

***United States Statutes***

15 U.S.C. §§ 1692 et seq. ..............................................................................................1

15 U.S.C. § 1692e(2). .............................................................................................4, 9

15 U.S.C. § 1692e(2)(A). ............................................................................4, 10, 14, 17

15 U.S.C. § 1692e ....................................................................4-5, 8-9, 10, 17

15 U.S.C. § 1692f .............................................................................................5, 8

15 U.S.C. § 1692f(1) ...........................................................8, 10, 11, 13-14, 15, 17

***California Code of Civil Procedure***

California Civil Code §§ 1788-1788.32 ..................................................................1

Cal. Civ. Code § 1788.2(c) ......................................................................................4

Cal. Civ. Code § 1788.17 ...............................................................................14, 17

I.      **Introduction.**

Portfolio Recovery Associates, LLC ("PRA") is a debt collector that violated both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") when it falsely represented the legal status of a debt while collecting on that debt, and when it attempted to collect contractual interest and fees under non-contract theories in a state court case.

II.     **Factual Background.**

Capital One (USA), N.A. ("Capital One") is a company that, among other things, contracts with people for credit card usage, which in this case involved O'Bryne.[1]   Prior to December 22, 2010, Capital One and O'Bryne entered into a credit card contract that provided that O'Bryne could make purchases using a Capital One credit card.[2]  This contract was modified by new terms and conditions which were sent out to O'Bryne in March of 2005, and which put into place a written contract.[3]   This contract had formidable provisions that heavily benefited Capital One at the expense of O'Bryne.[4]  Subsequently, PRA purchased the contract from Capital One for the sole purpose of collecting debts alleged under the contract.[5]   It is the unfair and abusive methods used by PRA while attempting to collect that are the focus of this lawsuit.

On December 22, 2010, PRA filed a state court collection lawsuit against O'Bryne.[6]   In this state complaint, PRA misrepresented the legal status of the debt by fabricating the existence of an "account stated" cause of action, a common law form of "satisfaction and accord" found in contract law.[7]   The reason for misrepresenting the legal status of the debt is that by falsely alleging an account stated was formed, PRA is able to deny consumers their contractual rights and remedies in litigation under the actual contract, such as the right to arbitration, recover attorneys'

_____

[1] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 7, ln 6-11; p. 15-16, ln 12-17; Ex. 2 - PRA0001 and Ex. 3 - 0006-0015.

[2] Id., ¶ 1, Ex. A; Napolitano at p. 17, ln 7-22; Ex. 3 - 0001-0003; Decl. O'Bryne ¶ 4.

[3] Id., ¶ 1, p. 27-28, ln. 21-2 Ex. 3, pp. 0003-0005 (Amended terms - March 2005)

[4] Id., ¶ 1, Ex. A; Napolitano; Ex. 3 - pp. 0003-0005 (Amended terms - March 2005).

[5] Id., ¶ 2, Ex. B; Jackson at p. 15 - 16, ln 4-2; Ex. 3 - PRA 0205.

[6] Request for Judicial Notice, Ex. A; Decl. O'Bryne ¶ 11.

[7] Id., Ex. A, Decl. O'Bryne ¶ 11.

HYDE & SWIGART
San Diego, California

1  fees, demand venue requirements, dispute mistakes by the creditor, and other material contractual

2  terms; and it also makes obtaining a default judgment easier to obtain.

3      This state complaint also alleged certain common law actions stating that O'Bryne owed

4  contractual interest and fees under its theories when interest and fees were not applicable to the

5  common law actions alleged.[8]    The purpose for this second fabrication is that if O'Bryne had

6  defaulted he would have been held liable for an inflated amount that was not really owed.

7      On December 7, 2011, and continuing until February 15, 2012, PRA proceeded to trial in

8  state court and lost on all its claims.[9]   O'Bryne filed this federal action to recover for the above

9  misrepresentations and as a first step toward putting an end to this systematic duping of

10 consumers, as these illegal tactics are commonplace.   As there are no triable issues of fact as to

11 the above issues, O'Bryne is entitled to summary judgment on the issue of liability, and reserves

12 the issue of damages for trial.

13 **III.    Legal Standards.**

14     A motion for summary judgment should be granted if there is no genuine issue of material

15 fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c);

16 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

17 The moving party bears the initial burden of informing the court of the basis for the motion, and

18 identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or

19 affidavits which demonstrate the absence of a triable issue of material fact.   *Celotex Corp. v.*

20 *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In order to meet its burden,

21 "the moving party must either produce evidence negating an essential element of the nonmoving

22 party's claim or defense or show that the nonmoving party does not have enough evidence of an

23 essential element to carry its ultimate burden of persuasion at trial."   *Nissan Fire & Marine Ins.*

24 *Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

25

26

27 _____

[8] Id., Ex. A; Decl. O'Bryne ¶ 11.

28 [9] Id., Ex. B; Decl. of J. Swigart ¶ 3; Request for Judicial Notice, Ex. C (copy of State Court Judgment).

HYDE & SWIGART
San Diego, California

Summary judgment shall be rendered where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits demonstrate the lack of any genuine issues of material fact, and that the moving party is entitled to a judgment as a matter of law.  Fed. Rule Civ. Proc. 56(c).  The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2509–10, 91 L. Ed. 2d 202 (1986).  Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S. Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."  *Id.*

## IV.    Summary of the argument.

In its state complaint, PRA fabricated the legal status of the debt through the use of an account stated cause of action in its effort to ease itself of what would otherwise be an uphill burden of proof standard for breach of contract, the legitimate cause of action in any credit card case.  By making these false claims, PRA was also able to avoid the possibility of incurring the costs and fees mandated by the actual contract if PRA lost at trial; and here they did lose.  Further, because PRA expected O'Bryne to default on the state court lawsuit, as most distressed consumers do,[10]  PRA also fabricated other common law actions and attempted to collect contractual fees and interest when amounts were not available under those causes of action.

## V.    Argument.

PRA is a debt collector under the FDCPA, which regulates the activities of debt collectors.  "Debt collector" has been held to include those who purchase consumer debts after default.[11]  *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1485 (M.D. Ala. 1987).  Courts have already held that PRA is a debt collector under the FDCPA.  *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001, 2011 U.S. App. LEXIS 24864 (8th Cir. Ark. 2011)("In its brief, PRA concedes

---

[10] For example, see *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 945 (9th Cir. Mont. 2011), where the court noted that the defendant "testified that approximately 90% of the collection lawsuits resulted in a default judgment."; Id., at 947, noting testimony that "a vast majority" of lawsuits against debtors result in default judgments.

[11] Decl. of J. Swigart, ¶ 2, Ex. B; Jackson at p. 9, ln. 5-24, p. 15 - 16, ln 4-2; Ex. 3 - PRA 0205.

HYDE & SWIGART
San Diego, California

that it is a debt collector under the FDCPA….) PRA also provided testimony from its corporate representative that PRA is a debt collector, here.[12]   California's Rosenthal Act also has an expanded definition of "debt collector" that incorporates debt collectors under the FDCPA.[13]  The FDCPA and Rosenthal Act regulate debt collectors while they are collecting consumer debts, and here the debt at issue was such a consumer credit card debt covered by the FDCPA and the Rosenthal Act, as O'Bryne's transactions on the account at issue were all undertaken for personal or household purposes.[14]

**A.**   **By alleging an account stated in its state complaint, PRA misrepresented the legal status of the debt, which violates 15 U.S.C. § 1692e(2)(A).**

15 U.S.C. 1692e prohibits debt collectors from making misrepresentations in the collection of a debts, including the "legal status of any debt."

> Section 1692e(2) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of … (A) the character, amount, **or legal status of any debt**; or (B) any … compensation which may be lawfully received by any debt collector for the collection of a debt." See [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006) at 1174-77] (possible violation of § 1692e(2) arising from misstatement of an account balance); *Foster v. DBS Collection Agency*, 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006) (holding debt collectors violated § 1692e(2) by seeking attorney's fees not permitted by state law); *Strange v. Wexler*, 796 F. Supp. 1117, 1118 (N.D. Ill. 1992) (same).

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949-950 (9th Cir. Mont. 2011) (Bold face added for emphasis).

In its state complaint, PRA alleged that prior to it purchasing the contract at issue, Capital One and O'Bryne entered into an account stated, a common law agreement similar to satisfaction and accord in contract law.[15]  This complaint, which was directly served on O'Bryne,[16]  was a

---

[12] Id., ¶ 2, Ex. B; Jackson at p. 9, ln. 5-24.

[13] Cal. Civ. Code § 1788.2(c).

[14] Decl. O'Bryne ¶ 5.

[15] Request for Judicial Notice, Ex. A, ¶ CC-1; Decl. O'Bryne ¶ 12.

[16] Decl. O'Bryne ¶ 15.

sham.  Its allegations concerning the formation of an account stated were untrue, and even Capital One, the original creditor, denies there was ever an account stated here, as the amended contract was still in effect at the time the account was charged off.[17]  Capital One's representative testified that the original contract was modified by sending out a new terms and conditions package, effective in March 2005.[18]  Importantly, there still existed a written contract at the time of charge off in November 24, 2009.[19]  And according to Capital One, the only other modifications to the written contact would be made through the regular billing statements, which could modify a fee change, the interest rate, or a minimum payment.[20]

When a debt collector uses false, deceptive, and misleading representations or means in a state court complaint while attempting to collect a debt, this conduct violates the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010)("…a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f.")

The purpose of such falsifications is to deny consumers the rights and remedies of a previous legitimate contract by falsely alleging that previous contract no longer exists.

**1.    There was never an account stated in this case.**

An account stated is a new contract with new terms that replaces any previous contract between the parties.  *Mercantile Trust Co. v. Doe*, 26 Cal. App. 246, 252 (Cal. App. 1914) ("An account stated requires that there be an agreement, expressed or implied, that the balance is correct and this agreement constitutes a new contract which takes the place of the original contract whether open or closed.").  An account stated discharges the previous contract.  *R.E. Tharp v. Miller*  261 Cal App 2d 81, 84 (1968) ("It is elementary that an account stated is an express or implied agreement between a debtor and his creditor that a certain sum shall be paid

HYDE & SWIGART
San Diego, California

---

[17] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 22-23, ln. 22-7, Ex. 3, pp 0001-0002 (Initial customer agreement), p. 25-26, ln. 21-13, and p. 27-28, ln. 21-2 Ex 3, pp. 3, 4, and 5 (Amended terms - March 2005), p. 71-72, ln. 5-6, Ex. 3, pp 254-255 (Final statement).

[18] Id., ¶ 1, Ex. A; Napolitano at p. 25-26, ln. 21-13, and p. 27-28, ln. 21-2 Ex. 3, pp. 0003-0005 (Amended terms - March 2005)

[19] Id., ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; p. 82, ln. 9-20.

[20] Id., ¶ 1, Ex. A; Napolitano at p. 28-29, ln. 10-22.

and accepted in discharge of the debtor's obligation.")  It is a compromise.  *Gardner v Watson* 170 Cal 570, 574 (1915) ("The action upon an account stated is not upon the original dealings and transactions of the parties. ... It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement").  In other words, it presumes the parties have conducted themselves intentionally in an effort to modify their relationship.  In this case there was no modification by the parties and no mailed change of terms sent to Mr. O'Bryne after the charge off statement.[21]  The written contact was still in effect.[22]

### i.   Neither party to this supposed account stated cause of action alleged by PRA, much less both, ever intended to form such an agreement.

Like all contracts, an Account Stated is formed only with the assent of both parties.  In A*merican Fruit Growers v. Jackson*, the Supreme Court of California made this very point when it held that both parties to an account stated must intend to manifest such an agreement. *American Fruit Growers, Inc. v. Jackson*, 203 Cal. 748, 751-752 (Cal. 1928) ("[I]t is clear that a statement rendered cannot be said to be an account stated unless it was intended to be such....")

### a.   O'Bryne denies that he and Capital One ever formed an account stated.

O'Bryne asserts that he never formed a new contract with Capital One, other than the modified, written contract in March of 2005.[23]  It was never considered; it was never discussed; it was never offered; and it was never accepted.[24]  Capital One does not dispute that there was no further modification after March 2005 and further testifies that the March 2005 written contract was in effect at the time of charge off in November 2009.[25]  PRA simply fabricated this claim out of thin air in its effort to make prevailing in state court easier.[26]  With no intent by O'Bryne or Capital One to form a new contract, it is impossible for an account stated to have formed between O'Bryne  and Capital One.[27]

[21] Id., ¶ 1, Ex. A; Napolitano at p. 76, ln. 11-16, p. 81-82, Ln. 25-4.

[22] Id., ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; Decl. O'Bryne ¶¶ 19-37.

[23] Decl. O'Bryne ¶¶ 19-37.

[24] Id. ¶¶ 19-37.

[25] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 76, ln. 11-16, p. 81-82, Ln. 25-4.

[26] Request for Judicial Notice, Ex. A, ¶ CC-1.

[27] *Perry v. Schwartz*, 219 Cal. App. 2d 825, 829 (Cal.App. 2d Dist. 1963).

HYDE & SWIGART
San Diego, California

**b.    Capital One also denies that it ever formed an account stated.**

For an account stated to be formed, the intent of *all parties* is required, as an account stated is a compromise agreement. In *Perry v. Schwartz* the court found that:

> An account stated, by its very nature, normally assumes the consideration of all objections, is usually a compromise, and is a final, conclusive acknowledgment of an exact amount due having in contemplation all credits and offsets. An account stated is an agreed balance of accounts; an account which has been examined and accepted by the parties.

*Perry v. Schwartz*, 219 Cal. App. 2d 825, 829 (Cal.App. 2d Dist. 1963) (emphasis added)  See also, *Hemenover v. Lynip*, 107 Cal. App. 356, 360 (Cal. App. 1930) (An account stated is an agreement "ending controversy and closing debate upon prior negotiations or prior obligations.")

In deposition, the designated representative for Capital One, Richard Napolitano, made it clear that Capital One never forms an account stated with any consumers, and he left no doubt that Capital One did not form an account stated with O'Bryne in this matter.[28]  With no intent by Capital One or O'Bryne to form a new contract, it is impossible for an account stated to have formed between Capital One and O'Bryne.[29]

**ii.    PRA lost in state court on this supposed account stated because of its misrepresentations.**

At trial, PRA was unable to establish an account stated or any of its fabricated cases of action and judgment was entered in favor of O'Bryne.[30]   This is because, again, there is no evidence of any intent by O'Bryne and Capital One to form an account stated.[31]  In fact, PRA was not even able to provide a single document or account statement that provided for an amount supposed due for $3,421.74.[32]  Again, this was a fabrication.

In *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, the Ninth Circuit held that when, as here, a determination is made that a debt collector brought a collection action and subsequently

---

[28] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6.

[29] *Perry v. Schwartz*, 219 Cal. App. 2d 825, 829 (Cal.App. 2d Dist. 1963).

[30] Request for Judicial Notice, Ex. C.

[31] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; Decl. O'Bryne ¶¶ 19-37.

[32] Request for Judicial Notice, Ex. A, ¶ CC-1(b)(6).

HYDE & SWIGART
San Diego, California

presented no admissible evidence establishing its entitlement to the debt, the debt collector violates the FDCPA.

> JRL's collection action in this case was invalid because JRL presented no admissible evidence establishing its entitlement to collect the fees at the time of the summary judgment motion. […] The FDCPA prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added). JRL produced no evidence of express authorization of its fee request from McCollough [the consumer/defendant]; the presentation of generic evidence that all credit cards contain attorney's fees provisions was insufficient to create a genuine issue of material fact for the jury. The district court correctly granted summary judgment on the claim.

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. Mont. 2011).

### iii.   In summary, this "account stated" was fabricated by PRA, which in turn violated the FDCPA.

It is axiomatic that without the intent by all parties to a contract, a new, replacement contract cannot be formed, which is what an account stated creates.[33]   And even though *both* parties must intend to form such a contract, here *neither* party intended to form such an account stated.[34]  This is established through the sworn testimony of Capital One and O'Bryne, as well as the final judgment from the state court.[35]

There can be no reasonable argument that the parties here ever formed the account stated that PRA alleged existed in its state complaint.  The sworn testimony is to the contrary.[36]  When a debt collector uses false, deceptive, and misleading representations or means in a state complaint while attempting to collect a debt, this violates the FDCPA.  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010)("…a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."); 15 U.S.C. § 1692e.

---

[33] *Perry v. Schwartz*, 219 Cal. App. 2d 825, 829 (Cal.App. 2d Dist. 1963).

[34] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; Decl. O'Bryne ¶¶ 19-37.

[35] Id., ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; Decl. O'Bryne ¶¶ 19-37.

[36] Id., ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6; Decl. O'Bryne ¶¶ 19-37.

HYDE & SWIGART
San Diego, California

An account stated simply cannot be created from whole cloth by debt buyers for their own convenience, and with no evidence that the parties to the supposed account stated ever intended to form one.  As the Supreme Court of California has noted on this issue, for an account stated to be formed, "it must appear that at the time of the accounting, certain claims existed, of and concerning which an account was stated, that a balance was then struck and agreed upon, and that the defendant expressly admitted that a certain sum was then due from him as a debt."  *Gardner v. Watson*, 170 Cal. 570, 575 (Cal. 1915); *Block v. D. W. Nicholson Corp.*, 77 Cal. App. 2d 739, 746 (Cal. App. 1947) (An account stated requires that there be an acknowledgment of a previous indebtedness, since such indebtedness constitutes the consideration upon which the new contract is based. It is also required that there be an agreement that the balance is correct, and a promise for the payment of such balance.); *Stark v. McAllister*, 65 Cal. App. 2d 577, 579 (Cal. App. 1944) (It is not enough that a final balance be struck, the parties must agree upon an exact amount as the amount owing from debtor to creditor.)

15 U.S.C. 1692e prohibits debt collectors from making misrepresentations in the collection of a debt or alleged debt, including the "legal status of any debt."

> Section 1692e(2) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of … (A) the character, amount, **or legal status of any debt**; or (B) any … compensation which may be lawfully received by any debt collector for the collection of a debt." See [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006) at 1174-77] (possible violation of § 1692e(2) arising from misstatement of an account balance); *Foster v. DBS Collection Agency*, 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006) (holding debt collectors violated § 1692e(2) by seeking attorney's fees not permitted by state law); *Strange v. Wexler*, 796 F. Supp. 1117, 1118 (N.D. Ill. 1992) (same).

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949-950 (9th Cir. Mont. 2011) (Bold face added for emphasis).

What PRA did here was falsely represent the legal status of the debt to not only O'Bryne, but the state court as well, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2)(A), and consequently, PRA violated the FDCPA and California's Rosenthal Act.[37]

**B.  By alleging that O'Bryne owed contractual fees and interest under other common counts, PRA violated 15 U.S.C. § 1692f(1).**

15 U.S.C. § 1692f(1) provides that it is a violation of the FDCPA to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Here PRA repeatedly tried to collect contractual fees and interest under a number of common law theories that do not allow for the collection of these contractual fees and interest and that presume no contract, thereby violating the FDCPA.[38]  These causes of action only allow for recovery of restitution damages; that is, no contractual interest or fees.

**1.  PRA misrepresented the amount recoverable under a theory of unjust enrichment, and in the process violated the FDCPA.**

Unjust enrichment is a cause of action based on the notion of quasi-contract, and only lies in the absence of an enforceable express contract.  *Paracor Finance, Inc v. General Electric Capital Corporation* 96 F 3d 1151, 1167 (9th Cir 1996).  Consequently, unjust enrichment assumes no contract, and consequently, no contractual interest and fees are permitted.  The only damages recoverable under this cause of action are for restitution.[39]  A party can only plead and

HYDE & SWIGART
San Diego, California

---

[37] Id., Ex. A.

[38] Id., Ex. A, ¶ CC-1(b) generally.

[39] The only remedy available for unjust enrichment is equitable in nature, and designed to avoid a windfall by either party:  restitution.  *Dinosaur Development, Inc. v. White* (1989) 216 Cal.App. 3d 1310, 1314 ("Unjust enrichment, the term used by plaintiff, is synonymous with restitution.").  Restitution is defined "as restoration of the status quo by the awarding of an 'amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff value of what he parted with in performing the contract.' . . ." (*People v. Martinson* (1986) 188 Cal. App. 3d 894, 900 [233 Cal. Rptr. 617], citation omitted.)"

recover for unjust enrichment if there is no enforceable contract.[40]   This cause of action alleged by PRA is wholly fabricated as well, because at the time of charge off, Capital One agrees that the March 2005 written contract was still in effect.[41]

Despite these facts, in PRA's State Court Complaint, PRA claimed a right to recover from O'Bryne under a theory of "unjust enrichment" in the amount of $3,421.74.[42]   This $3,421.74 included contractual fees and contractual interest.[43]   But unjust enrichment is only available when there is no express contract, and in no instance could those contractual fees and interest be recoverable.[44]   Consequently, when PRA attempted to collect contractual fees and interest under a theory of unjust enrichment, PRA violated 15 U.S.C. § 1692f(1), which prohibits any attempt to collect such interest and fees.[45]

### i.   Unjust enrichment only lies in the absence of an enforceable contract.

California law precludes quasi-contractual claims such as unjust enrichment without the absence of an enforceable contract.   *Paracor Finance, Inc v General Electric Capital Corporation* 96 F 3d 1151, 1167 (9th Cir 1996) ("Under both New York and California law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding contract agreement exists defining the rights of the parties.")   See also *Gerlinger v. Amazon.com Inc* 311 F Supp 2d 838, 856 ("Plaintiff cannot assert an express contract between him and one of the defendants in order to establish standing, while also bringing a claim for unjust enrichment. A plaintiff may recover for unjust enrichment only where there is no contractual relationship between the parties.")

---

[40]   *Gerlinger v. Amazon.com Inc.* 311 F Supp 2d 838, 856 ("Plaintiff cannot assert an express contract between him and one of the defendants in order to establish standing, while also bringing a claim for unjust enrichment.  A plaintiff may recover for unjust enrichment only where there is no contractual relationship between the parties.")

[41]   Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6

[42]   Request for Judicial Notice, Ex. A, ¶ CC-1(b)(6).

[43]   Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 71-72, ln. 5-6, Ex. 3, pp 0254-0255 (Final statement, showing finance charges incurred of $76.54 for that statement period).

[44]   *People v. Martinson* (1986) 188 Cal. App. 3d 894, 900.

[45]   *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 949 (9th Cir. Mont. 2011); *Reichert v. Nat'l Credit Sys.* 531 F.3d 1002, 1005-1007 (9th Cir. 2008).

In 1992, the Ninth Circuit found that equitable remedies such as unjust enrichment do not lie when the parties' relationship is governed by an express contract.  *Sutter Home Winery v. Vintage Selections*, 971 F.2d 401, 408 (9th Cir 1992) ("Vintage also asserts a number of equitable grounds for relief including unjust enrichment, breach of implied contract and promissory estoppel. Vintage cannot recover on its claims of unjust enrichment and breach of implied contract, however, because Vintage's relationship with Sutter Home was governed by a valid express contract.")

This rule has been upheld numerous times, not only in *Paracor Finance*, but also in 2004 in *Gerlinger v. Amazon,com, Inc.*  In *Gerlinger*, the Court found that "A plaintiff may recover for unjust enrichment only where there is no contractual relationship between the parties."  *Gerlinger v. Amazon.com Inc* 311 F Supp 2d 838, 856.

In 2007, the Court restated this rule in *Total Coverage Inc v. Cedant Settlement Services Group, Inc*, finding that "…Total Coverage cannot state claims for quantum meruit, unjust enrichment, or promissory estoppel because the parties' respective rights were set out in the written Agreement to Negotiate.")  *Total Coverage Inc v. Cedant Settlement Services Group, Inc*, 252 Fed Appx 123, 125-126.

In 2008, the Court in *Qwest v. Herakles* dismissed a claim for unjust enrichment on this same basis, stating that "An action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties." *Qwest Communications Corporation v. Herakles*, LLC 2008 US Dist LEXIS 22154, 36 (E.D. Cal. March 20, 2008).

Later that same year, the Court in *Continental D.I.A. Diamond Products, Inc v. Dong Young Diamond Industrial Co.*, Ltd. upheld this rule, dismissing a claim for unjust enrichment as the plaintiff did not specifically allege that no express agreement existed, a necessary element of a claim for unjust enrichment.  *Continental D.I.A. Diamond Products, Inc v. Dong Young Diamond Industrial Co., Ltd.* 2008 U.S. Dist. LEXIS 65908, 11 (N.D. Cal. August 26, 2008).

1       Most recently, in 2010, the court in *Lopez v Washington Mutual* found that, "[i]n addition,

2   under California law, an action in quasi-contract does not lie 'when an enforceable, binding

3   agreement exists defining the rights of the parties.'"  *Lopez v. Washington Mutual Bank, FA* 2010

4   U.S. Dist. LEXIS 38307, 28 (E.D. Cal. April 16, 2010).

5       Consequently, when PRA sued O'Bryne for unjust enrichment, PRA was asserting by the

6   very definition of unjust enrichment, "there is no enforceable contract here."  However, PRA then

7   asks the court to award it contractual fees and interest.  When, as here, a debt collector collects

8   contractual fees and interest under unjust enrichment which is not available under the law, the

9   collector violates 15 U.S.C. § 1692f(1).  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*,

10  637 F.3d 939, 949 (9th Cir. Mont. 2011). (Section 1692f(1) prohibits the use of "unfair or

11  unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any

12  amount (including any interest, fee, charge, or expense . . .) unless such amount is expressly

13  authorized by the agreement creating the debt or permitted by law." See [*Reichert v. Nat'l Credit

14  Sys.*, 531 F.3d 1002, 1005-1007 (9th Cir. Ariz. 2008)] (violation of § 1692f(1) arising from a debt

15  collector's imposition of an unlawful charge for attorney's fees).)

16          ii.    **Capital One also admitted in deposition that the $3,421.74 alleged due**

17                 **included contractual fees and interest in violation of the FDCPA.**

18      Capital One's designated representative Richard Napolitano readily admitted that the

19  balance claimed in the state complaint included multiple charges for contractual fees and interest,

20  as he authenticated the final charge off statement which included contractual interest, showing

21  $76.54 charged in this final statement.[46]  Since unjust enrichment is not available unless there is

22  no enforceable contract between the parties, PRA could never recover contractual fees and

23  interest under this theory; all that is recoverable is restitution for the actual consideration

24  received, such as money or goods and services.  Capital One's admission again establishes that

25  PRA ignored what was sold to PRA and instead merely fabricated its own causes of action

26  without regard for the law.

27  _____

28  [46] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 71-72, ln. 5-6, Ex. 3, pp 0254-0255 (Final
    statement, showing finance charges incurred of $76.54 for that statement period).

HYDE & SWIGART
San Diego, California

PRA's claim to contractual fees and interest was a misrepresentation that violated 15 U.S.C. § 1692f(1) can Cal. Civ. Code § 1788.17.

**2. PRA also misrepresented the amount recoverable under theories of money lent and goods, wares and merchandise, and in the process violated the FDCPA.**

In the state court complaint at issue in this action, PRA also alleged that O'Bryne was liable for $3,421.74 based on a theory of "money lent," and "goods, wares and merchandise." Again, these claims falsified the legal status of the debt, and violated 15 U.S.C. § 1692e(2)(A) and Cal. Civ. Code § 1788.17. O'Bryne did not receive $3,421.74 in unpaid consideration on this account, whether in the form of money lent, goods, wares and merchandise, or otherwise. Again, this was merely PRA fabricating convenient facts and causes of action.

Again in the Deposition of Richard Napolitano, the account statements provided by PRA revealed that the balance claimed due, $3,421.74, consisted in whole or in part of charges for contractual interest and late fees, and not merely for consideration.[47] Consequently, the amount of unpaid consideration received by O'Bryne, by its very definition, had to be less than $3,421.74, and PRA had no right to recover more under the theories of money lent or goods, wares and merchandise. This is because money lent and goods, wares and merchandise are both forms of assumpsit, which only allows a creditor to recover *restitution damages*, and not damages for more than the consideration received (the principle). *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 394.

**i. Assumpsit**

Money lent and goods, wares and merchandise, like most common counts claims other than Account Stated, is based upon the theory of assumpsit. Assumpsit is a remedy available for various types of indebtedness, and the remedy provided is restitution, as opposed to the expectation damages available for breach of contract. *McBride v. Boughton* (2004) 123 Cal.App. 4th 379, 394 ("A common count is not a specific cause of action, … rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness,

---

[47] Id., ¶ 1, Ex. A; Napolitano at p. 71-72, ln. 5-6, Ex. 3, pp 0254-0255 (Final statement, showing finance charges incurred of $76.54 for that statement period).

HYDE & SWIGART
San Diego, California

including that arising from an alleged duty to make restitution under an assumpsit theory.")
Because assumpsit provides only for restitution, it does not provide for contractual fees and
interest, and when PRA demanded contractual fees and interest in its complaint and at trial it
violated 15 U.S.C. § 1692f(1), as the amount demanded by PRA and not permitted by law.[48]

### ii. Assumpsit is intended to prevent unjust enrichment, and not to enforce contractual claims for damages other than restitution

The only remedy available for assumpsit is restitution because, although assumpsit arises
at law, it is governed by principles of equity, just like unjust enrichment and quantum meruit.

> Although such an action is one at law, it is governed by principles of
> equity. It may be brought 'wherever one person has received money which
> belongs to another, and which "in equity and good conscience," or in other
> words, in justice and right, should be returned. . . . The plaintiff's right to
> recover is governed by principles of equity, although the action is one at
> law.' "

*Mains v. City Title Ins Co.* (1949) 34 Cal.2d 580, 586.  See also *Moya v Northrup*:

> The obligation to pay is rested upon the equitable principle of preventing
> unjust enrichment as applied to the particular circumstances which have
> arisen between the parties (emphasis added).

*Moya v Northrup* (1970) 10 Cal. App. 3d 276, 281.

### iii. Even for claims based on an express contract, the only remedy available under assumpsit is restitution

A claim for assumpsit may be based upon breach of an express contract, if one side has
fully performed.

> As Witkin states in his text, "[a] common count is proper whenever the
> plaintiff claims a sum of money due, either as an indebtedness in a sum
> certain, or for the reasonable value of services, goods, etc., furnished. It
> makes no difference in such a case that the proof shows the original
> transaction to be an express contract, a contract implied in fact, or a quasi-
> contract." ' A claim for money had and received can be based upon money
> paid by mistake, money paid pursuant to a void contract, or a performance
> by one party of an express contract."

---

[48] Request for Judicial Notice, Ex. A.

HYDE & SWIGART
San Diego, California

*Utility Audit Co. v. City of Los Angeles* (2003) 112 Cal.App.4th 950, 958.

However, even though a express contract may form the basis for an action in assumpsit, it may not be used to recover damages for breach of that express contract.   The only damages available are for return of the consideration received, in other words, *restitution*.  See *McBride v. Boughton* (2004):

> For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason…. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory (an election referred to at common law as "waiving the tort and suing in assumpsit"

*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 394.   See also *Zumbrun v. University of Southern California*:

> [S]ince the basic premise for pleading a common count … is that the person is thereby 'waiving the tort and suing in assumpsit,' any tort damages are out. Likewise excluded are damages for a breach of an express contract. The relief is something in the nature of a constructive trust and … 'one cannot be held to be a constructive trustee of something he had not acquired.' One must have acquired some money which in equity and good conscience belongs to the plaintiff or the defendant must be under a contract obligation with nothing remaining to be performed except the payment of a sum certain in money."

*Zumbrun v. University of Southern California* (1972) 25 Cal.App.3d 1, 14–15.

The relief *Zumbrun* describes as "in the nature of a constructive trust" is the return of whatever is received.  This is precisely what restitution provides, and these remedies are identical.

### iv.   The rationale for allowing only restitution under assumpsit is that the express contract has been waived

The reason that no damages for breach of an express contract are available under assumpsit is that, under *McBride and Zumbrun*, any contract has been waived.  In doing so, any damages available under such a contract are also waived, in favor of the remedy provided by assumpsit, namely restitution.  The California Supreme Court described this election as follows:

HYDE & SWIGART
San Diego, California

> If money has been paid under such contract, the right of the party defrauded to waive the tort and recover such payment on the theory of an implied contract, in general assumpsit, is very generally recognized. . . . The right to recover in assumpsit assumes that on discovering the fraud the party defrauded elects to disaffirm the express contract. ….

*Philpott v. City of Los Angeles* (1934) 1 Cal 2d 512, 520. (emphasis added).

For this reason, the elements of assumpsit do not include proving the existence of an express contract.  *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460 ("The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment.' ").  Parties claiming a debt owed under a theory of assumpsit need not prove an express contract, because any such contract, should it exist, has been waived, as laid out in *Philpott, McBride* and *Zumbrun*, above.  Based on the testimony of O'Bryne and Capital One, the prior express, written contract was still in effect.[49]  PRA's claim for assumpsit was fabricated.

### v.   As PRA claimed a right to contractual interest and fees under a theory of assumpsit, PRA claimed a right to more money than was actually recoverable under a theory of assumpsit

As shown above, PRA could never recover more than the consideration received by O'Bryne under a theory of assumpsit.   However, PRA attempted to recover more than mere consideration, or restitution.   PRA sued for contractual fees and interest as well, and in the process violated the FDCPA's prohibitions on misrepresenting the amount of a debt, and on attempting to collect an amount not expressly authorized by the agreement creating the debt, or permitted by law, found at 15 U.S.C. §§1692e, e(2)(A) and f(1).  PRA misrepresented the amount of debt under an assumpsit theory, and in doing so violated the FDCPA and Rosenthal Act pursuant to 15 U.S.C. § 1692f(1) and Cal. Civ. Code § 1788.17.

### C.   The Rosenthal Act establishes liability under California law for violations of the FDCPA.

The Rosenthal Act incorporates the FDCPA by reference by requiring compliance with the substantive provisions of the FDCPA.  *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D.

---

[49] Decl. of J. Swigart, ¶ 1, Ex. A; Napolitano at p. 70-72, ln. 21-6.

Cal. 2006); see also *Abels v. JBC Legal Group*, P.C., 227 F.R.D. 541; citing *Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D.Cal. February, 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.) See also, *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004).   In summary, "The Rosenthal Act establishes liability under California law for violations of the FDCPA."   *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).

**VI.   Conclusion**

The original parties to the account at issue here, O'Bryne or Capital One are in agreement; there was never an attempt by to form an account stated.   PRA fabricated the legal status of the debt for its own purposes.   PRA wanted a cause of action that required little in the way of evidence, and posed no risk of attorneys' fees, arbitration, or affirmative defenses should O'Bryne retain an attorney, defend on the case, and prevail at trial, which is what actually happened here. By making these false claims, PRA was able to avoid the risk of incurring the costs and fees mandated by the actual contract.   Further, because PRA expected O'Bryne to default on the state court lawsuit, PRA also fabricated other common counts and attempted to collect contractual fees and interest when these were not available to it under the law.

All of this was in violation of the FDCPA and California's Rosenthal Act, and judgment should be entered in favor of O'Bryne.

**HYDE & SWIGART**

Date: November 29, 2012                   By: /s Joshua B. Swigart
                                                            Joshua B. Swigart
                                                            Attorneys for Plaintiff

[Additional Counsel]

Clinton J. Rooney
225 Broadway, Ste. 1900
San Diego, CA 92101
(619) 234-0212
Fax: 619-232-1382
rooneycdi@gmail.com

Stephen G. Recordon
**RECORDON & RECORDON**
225 Broadway, Ste. 1900
San Diego, CA 92101
(619) 232-1717
Fax: (619) 232-5325
sgrecordon@aol.com

Abbas Kazerounian
**KAZEROUNIAN LAW GROUP, APC**
2700 North Main Street, Ste. 1000
Santa Ana, CA 92705
(800) 400-6808
Fax: (800) 520-5523
ak@kazlg.com