UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH O'BRYNE,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>　　　　　　　　　Defendant. | CASE NO. 12cv447 - IEG (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 27]**<br><br>**AND**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 29]** |

Presently before the Court are the motions for summary judgment of Plaintiff Joseph O'Bryne ("Plaintiff") and Defendant Portfolio Recovery Associates, LLC ("Defendant"). [Doc. No. 27, Pl.'s Mot.; Doc. No. 29, Def.'s Mot.] For the following reasons, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff filed the present action under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Act to challenge Defendant's attempts to collect a debt allegedly owed by Plaintiff. [Doc. No. 18, First Amended Complaint ("FAC") ¶ 1.] The following facts, which give rise to Plaintiff's action, are taken from Plaintiff's FAC and the exhibits submitted with the motions for summary judgment.

In about 2002, Plaintiff opened a credit card account with Capital One Bank

(USA) N.A. ("Capital One"). [Doc. No. 27-6, Decl. of O'Bryne ¶ 4.] Plaintiff allegedly incurred financial obligations to Capital One prior to December 22, 2010. [Doc. No. 18, FAC ¶ 16.] Plaintiff alleges that this debt was then transferred to Defendant for collection. [Id. ¶ 19.]

On December 22, 2010, Defendant filed an action in the Superior Court of California for the County of San Diego ("Superior Court") against Plaintiff to recover a debt of $3,421.74 under the following common counts: open book account; account stated; goods, wares and merchandise; money lent; and unjust enrichment. [Doc. No. 27-6, Decl. of O'Bryne ¶ 11; Doc. No. 27-3, State Court Compl.][1] Plaintiff alleges in his FAC that the $3,421.74 figure included charges for contractual interest, compound interest, and fees. [Doc. No. 18, FAC ¶ 23.]

Plaintiff filed the present action on December 8, 2011 in the Superior Court. [Doc. No. 1-1, Compl.] Defendant removed the action to this Court on February 21, 2012. [Doc. No. 1, Notice of Removal.] Plaintiff filed a FAC on May 15, 2012, which presents the following causes of action: (1) violation of the FDCPA; and (2) violation of the Rosenthal Act. [Doc. No. 18, FAC.] Plaintiff then filed the instant motion for summary judgment. [Doc. No. 27, Pl.'s Mot.] Defendant subsequently filed a motion for summary judgment. [Doc. No. 29, Def.'s Mot.]

## ANALYSIS

**I.  Motions for Summary Judgment**

"A party may move for summary judgment, identifying each claim or

---

[1] Plaintiff requests that the Court take judicial notice of: (1) the complaint filed by Defendant in the Superior Court in the matter entitled Portfolio Recovery Associates, LLC v. Joseph O'Bryne, case number 37-2010-00072961-CL-CL-EC; and (2) a copy of the judgment entered on March 5, 2012 in the aforementioned case. [Doc. No. 27-2, Pl.'s RJN.] Defendant also asks the Court to take judicial notice of the same documents. [Doc. No. 28-1, Def.'s RJN.] Under Federal Rule of Evidence 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Federal courts routinely take judicial notice of papers filed in state court and state court orders. See Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir.2010); Burbank—Glendale—Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir.1998). Accordingly, the Court **GRANTS** Plaintiff's request and takes judicial notice of the complaint and judgment in the state court action entitled Portfolio Recovery Associates, LLC v. Joseph O'Bryne.

defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the nonmoving party, the movant is clearly entitled to prevail as a matter of law." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 950 (9th Cir. 2009) (citing Fed. R. Civ. P. 56). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party generally has the initial burden of showing that summary judgment is proper. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing part to provide admissible evidence beyond the pleadings to demonstrate that summary judgment is not appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 324 (1986).

If the moving party does not have the ultimate burden of persuasion at trial, in order to carry its burden of production on a summary judgment motion, it must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party carries its burden of production, the burden of production then shifts to the nonmoving party: the nonmoving party must produce evidence to support its claim or defense. Celotex Corp., 477 U.S. at 330 (Brennan, J., dissenting); Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. If the nonmoving party fails to produce evidence sufficient to create a genuine issue of

1 material fact, the moving party wins the motion for summary judgment. Id.
2 However, if the nonmoving party produces enough evidence to create a genuine
3 issue of material fact, the nonmoving party defeats the motion for summary
4 judgment. Id.

5 The court must review the record as a whole and draw all reasonable
6 inferences in favor of the non-moving party. Hernandez v. Spacelabs Med. Inc.,
7 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or
8 conclusory statements are insufficient to defeat summary judgment. Id.

9 Under Rule 56, a district court may "[a]fter giving notice and a reasonable
10 time to respond . . . (1) grant summary judgment for a nonmovant; (2) grant the
11 motion on grounds not raised by a party; or (3) consider summary judgment on its
12 own after identifying for the parties material facts that may not be genuinely in
13 dispute." Fed. R. Civ. P. 56(f); see also Norse v. City of Santa Cruz, 629 F.3d 966,
14 971 (9th Cir. 2010). "*Sua sponte* grants of summary judgment are only appropriate
15 if the losing party has reasonable notice that the sufficiency of his or her claim will
16 be in issue." Id. at 972 (quoting United States v. 14.02 Acres of Land More or Less
17 in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 1985)). "Reasonable notice implies
18 adequate time to develop the facts on which the litigant will depend to oppose
19 summary judgment." Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998)
20 (internal quotation omitted).

21 The FDCPA prohibits false or deceptive practices in connection with the
22 collection of a debt. 15 U.S.C. § 1692, *et seq*. The purpose of the FDCPA is to
23 "eliminate abusive debt collection practices by debt collectors, to insure that those
24 debt collectors who refrain from using abusive debt collection practices are not
25 competitively disadvantaged, and to promote consistent State action to protect
26 consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA
27 imposes strict liability on creditors, including liability for violations that are not
28 knowing or intentional." McCollough v. Johnson, Rodenburg & Lauinger, LLC,

637 F.3d 939, 952 (9th Cir. 2011) (quotation omitted).

The FDCPA prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f more specifically prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

"Whether conduct violations §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." Donohue v. Quick Collect Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (quotation omitted). In assessing FDCPA liability, a court is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." Id. at 1034.

The Ninth Circuit has held that "a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f [of the FDCPA]." Donohue, 592 F.3d at 1031-32. Therefore, the FDCPA supports a cause of action based upon a debt collector's statements in a state court complaint.

Plaintiff moves for summary judgment as to its first cause of action for violation of the FDCPA on several different grounds. First, Plaintiff argues that "[b]y alleging an account stated in its state [court] complaint, [Defendant] misrepresented the legal status of the debt" in violation of § 1692e(2)(A). [Doc. No. 27-1, Pl.'s Mot. at 4.] Second, Plaintiff contends that "[b]y alleging that [Plaintiff] owed contractual fees and interest under other common counts,"

Defendant violated § 1692f(1).  [Id. at 10.]

### A.    Section 1692e:  Account Stated

Plaintiff first seeks summary judgment on its claim that Defendant made a false, misleading, or deceptive representation in connection with the collection of a debt in violation of § 1692e when it alleged an account stated claim in its state court action.

"An account stated is an agreement, based on prior transactions between the parties, that all items of the account are true and that the balance struck is due and owing from one party to the other." Trafton v. Youngblood, 69 Cal.2d 17, 25 (1968).  It "exhibits the state of account between parties, and the balance owing from one to the other." Coffee v. Williams, 103 Cal. 550, 556 (1894).  "The theory upon which the action on an account stated is allowed is that transactions have occurred between the parties from which the relation of debtor and creditor has arisen, that thereafter one or both have rendered or made statements or declarations specifying definitely the amount due on account thereof, and thereupon there has been an agreement, express or implied, by the one who is the debtor, to the other, that a certain sum is due from him on such account, together with an express or implied promise to pay the same." Bennett v. Potter, 180 Cal. 736, 745 (1919).

An account stated claim has three elements:  "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." Zinn v. Fred R. Bright Co., 271 Cal. App. 2d 597, 600 (1969).  "The action upon an account stated is not upon the original dealings and transactions of the parties.  Inquiry may not be had into those matters at all.  It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement." Gardner v. Watson, 170 Cal. 570, 574 (1915).

"Consent of the parties is essential to the existence of a contract." Roth v.


1  Malson, 67 Cal. App. 4th 552, 557 (1998) (citing Cal. Code Civ. P. § 1550).  "A
2  contract must be so interpreted as to give effect to the mutual intention of the parties
3  as it existed at the time of contracting."  Binder v. Aetna Life Ins. Co., 75 Cal. App.
4  4th 832, 851 (1999).  However, "[c]ontract formation is governed by objective
5  manifestations, not subjective intent of any individual involved."  Id.
6      "The agreement necessary to establish an account stated need not be express
7  and is frequently implied from the circumstances.  When a statement is rendered to a
8  debtor and no reply is made in a reasonable time, the law implies an agreement that
9  the account is correct as rendered."  Maggio, Inc. v. Neal, 196 Cal. App. 3d 745,
10 753 (1987); see also Trafton, 69 Cal.2d at 25.  "In the usual situation [when an
11 account stated is implied from the circumstances], it comes about by the creditor
12 rendering a statement of the account to the debtor. If the debtor fails to object to the
13 statement within a reasonable time, the law implies his agreement that the account is
14 correct as rendered."  Zinn, 271 Cal. App. 2d at 600.
15     Plaintiff argues that Defendant falsely represented the legal status of the debt
16 by suing under a theory of account stated, when in fact an account stated never
17 existed. [Doc. No. 18, FAC.]  Plaintiff argues that an account stated requires the
18 parties negotiate a new, replacement contract, and that the parties never did in this
19 case. [Doc. No. 27-1, Pl.'s Mot. at 5-6.]  Plaintiff states that he never formed a new
20 contract with Capital One, other than the modified, written contract in March 2005.
21 [Id. at 6; Doc. No. 27-6, Decl. of O'Bryne ¶¶ 20-30.]  Plaintiff also states that
22 Capital One "[did] not dispute that there was no further modification after March
23 2005 and further testifie[d] that the March 2005 written contract was in effect at the
24 time of charge off in November 2009." [Doc. No. 27-1, Pl.'s Mot. at 6; Doc. No.
25 27-8, Decl. of Richard Napolitano, Senior Extended Operations Associate, Capital
26 One Bank (USA) N.A. ("Napolitano") at 52, 57-58.]  Therefore, Plaintiff argues that
27 "[w]ith no intent by [Plaintiff] or Capital One to form a new contract, it is
28 impossible for an account stated to have formed between [Plaintiff] and Capital

One." [Doc. No. 27-1, Pl.'s Mot. at 6.] Plaintiff argues that, therefore, Defendant misrepresented the legal status of the debt in violation of the FDCPA. [Id.]

However, other courts, on similar facts, have found that there was in fact an account stated and dismissed the plaintiff's claims. Benedict v. CACH, LLC, 2012 WL 5382255, at *5 (S.D. Cal. Nov. 1, 2012); Odish v. CACH, LLC, 2012 WL 5382260, at *5 (S.D. Cal. Nov. 1, 2012); Jackson v. CACH, LLC, 2012 WL 5382257, at *5 (S.D. Cal. Oct. 31, 2012); Hashimi v. CACH, LLC, 2012 WL 3637383 (S.D. Cal. Aug. 22, 2012).[2] In Hashimi, for example, the verified complaint stated that the lending institution issued a credit card to the borrower, and then stated the account in a final billing statement issued to the borrower. The verified complaint also stated that the borrower did not dispute the billing statement, which constituted an admission of the balance due. Id. at *5. The Hashimi court found that the issuance of the final billing statement was tender of the account in writing, and that the borrower's failure to object to the statement was the implied promise to pay the stated amount. Id. The court found that these actions gave rise to "a new agreement enforceable by the [collector] independent of the underlying transactions giving rise to the balance due." Id. Accordingly, the court found that the collector clearly alleged the elements of an accounted stated claim in his state court complaint, and dismissed the borrower's FDCPA action with prejudice.

---

[2] Plaintiff cites Alaan v. Asset Acceptance, LLC, 2011 WL 3475378 (S.D. Cal. Aug. 8, 2011) in support of his argument. [Doc. No. 31, Pl.'s Reply at 3-4.] In Alaan, the district court found that there were genuine issues of material fact as to whether an account stated was formed. Alaan, 2011 WL 3475378, at *9-10. The district court found that "[a] trier of fact reasonably could find that the [last billing] statement does not clearly inform the 'least sophisticated debtor' . . . that it was intended to be a final statement which constitutes a 'new contract by and under which the parties have adjusted their differences and reached an agreement.'" Id. at *10 (quoting Fogarty v. McGuire, 170 Cal.App.2d 405, 409 (1959)).
The Court, however, declines to adopt this position because the Court respectfully disagrees with Alaan's analysis regarding the application of the least sophisticated debtor standard. Rather than evaluating whether the least sophisticated debtor would have believed that the final billing statement from the credit card company constituted a new contract, a court must consider whether the least sophisticated debtor would be misled by the communication from the debt collector that forms the basis of the FDCPA violation: the state court complaint. Donohue, 592 F.3d at 1030.

Similarly, the elements of an account stated claim are satisfied in the instant case. Plaintiff does not dispute that there was a relationship between himself and Capital One of debtor and creditor. Capital One's sending of the final billing statement [Doc. No. 27-8, Ex. A, Account Statement at 84] and Plaintiff's implicit acceptance of it by not timely objecting constitute an agreement by the parties of the amount due, and an implicit promise by Plaintiff to pay the amount on the final billing statement. See Maggio, 196 Cal. App. 3d at 753; Zinn, 271 Cal. App. 2d at 600. Although Plaintiff now claims he never agreed to enter into an account stated, a party's intent at the time of contracting controls the formation of a contract. Binder, 75 Cal. App. 4th at 851. Plaintiff's lack of objection to the final billing statement "implies an agreement that the account [was] correct as rendered." Maggio, 196 Cal. App. 3d at 753. As Plaintiff is therefore unable to demonstrate that Defendant made a false, misleading, or deceptive representation in connection with its account stated claim, the Court **DENIES** his motion for summary judgment as to this portion of the FDCPA claim.

**B.     Section 1692f(1): Contractual Fees and Interest Under Common Counts**

Plaintiff also seeks summary judgment that Defendant's actions to collect contractual fees and interest "under a number of common law theories that do not allow for the collection of these contractual fees and interest" violate the FDCPA. [Doc. No. 27-1, Pl.'s Mot. at 10.] Plaintiff argues that "[t]hese causes of action only allow for recovery of restitution damages; that is, no contractual interest or fees." [Id.]

Plaintiff argues that Defendant "falsified the legal status of the debt" when it "alleged that [Plaintiff] was liable for $3,421.74 under theories of 'money lent,' and 'goods, wares and merchandise,'" which are all based upon a theory of *assumpsit*. [Id. at 14.] Plaintiff states that he "did not receive $3421.74 in unpaid consideration on this account" and that this amount "consisted in whole or in part of charges for

contractual interest and late fees, and not merely for consideration." [Id.] Plaintiff argues that because "*assumpsit* provides only for restitution, it does not provide for contractual fees and interest." [Id. at 15.] Plaintiff also argues that Defendant "misrepresented the amount recoverable under a theory of unjust enrichment, and in the process violated" § 1692f(1) of the FDCPA. [Id. at 10.] Plaintiff argues that Defendant may not recover interest and fees under a theory of unjust enrichment because recovery is limited to only restitution under this theory. [Id. at 10-11.] Defendant also seeks summary judgment on this issue, and requests the Court to find that the use of common count claims and unjust enrichment allegations was proper under California law, and therefore did not violate the FDCPA. [Doc. No. 29-1, Def.'s Mot. at 16.]

15 U.S.C. § 1692f(1) states that it is a violation to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Under California law, "[a] common count is not a specific cause of action . . .; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." Avidor v. Sutter's Place, Inc., — Cal. Rptr. 3d —, 13 Cal. Daily Op. Serv. 871 (2013) (quoting McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004)). California law permits the use of common counts to recover unpaid credit card debt. See, e.g., HSBC Bank Nev., N.A. v. Aguilar, 205 Cal. App. 4th Supp. 6 (2012).

"An action for *assumpsit* lies only for money which, ex aequo et bono, the defendant ought to refund; it does not lie for money paid by the plaintiff, which is claimed of him as payable in point of honor and honesty, although it could not have been recovered from him by any course of law; as in payment of a debt barred by the statute of limitations, or contracted during his infancy, or to the extent of

principal and legal interest upon a usurious contract, or, for money fairly lost at play: because in all these cases, the defendant may retain it with a safe conscience." Philpott v. Superior Court in & for Los Angeles County, 1 Cal. 2d 512, 518-19, 36 P.2d 635, 638 (1934).

"[A]n action in *assumpsit* to recover interest due on a legacy [is] allowed. . . ." Kawasho International, USA, 152 Cal. App. 3d at 794-95. The Kawasho Court distinguished between "interest as damages" and "interest as debt." Id. at 795 (emphasis omitted). "Where the obligation to pay interest arises out of a contract to pay interest the interest is part of the debt, it is an accretion to the principal. In such a case any payment less than the aggregate of the principal and interest constitutes nothing more than a payment on account and does not extinguish the right to interest on the principal." Id. However, "[w]here interest is recoverable only as damages and payment of the principal is accepted as such, interest cannot be recovered because payment of the debt extinguishes the right to recover interest thereon." Id. (quoting Nelson v. Chicago Mill & Lumber Corp., 76 F.2d 17, 22-23 (8th Cir. 1935)). Therefore, California courts have permitted a plaintiff to recover interest when it is aggregated to principal under actions in *assumpsit*, contrary to what Plaintiff argues.

Plaintiff's arguments that Kawasho is inapplicable to the present case are not persuasive. Plaintiff cites Zumbrun v. Univ. of Southern Cal., 25 Cal. App. 3d 1 (1972) to undermine Defendant's reliance on Kawasho. Plaintiff contends that Zumbrun states that when suing under a common count, tort damages and damages for breach of an express contract are excluded. Zumbrun, 25 Cal. App. 3d at 14. However, the Zumbrun court denied Plaintiff's request for loss of present and future income. Id. at 7, 14-15. Zumbrun did not consider whether interest constituted damages for breach of an express contract, and whether interest was recoverable under a theory of *assumpsit*. Plaintiff also states that Kawasho's discussion of contractual damages as available under a theory of *assumpsit* is limited to the

context of California Civil Code § 3290, which pertains to interest due after principal has been tendered and accepted. [Doc. No. 31, Pl.'s Opp. at 10.] The Kawasho case arose within the context of waiving interest under § 3290. However, the Kawasho court did not limit its discussion regarding the availability of certain types of interest under a theory of *assumpsit* only to this context. In fact, Kawasho cites In re Hubbell's Estate, 216 Cal. 574, 578 (1932), a case that does not involve § 3290, which favorably discusses a Rhode Island case where "an action in *assumpsit* to recover interest due on a legacy was allowed . . . ."

Regarding unjust enrichment, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another." First Nationwide Savings v. Perry, 11 Cal. App. 4th 1657, 1662 (Ct. of App. 6th Dist. 1992). California courts have treated theories of *assumpsit* as also requiring restitution. See Avidor v. Sutter's Place, Inc., — Cal. Rptr. 3d —, 13 Cal. Daily Op. Serv. 871 (Ct. of App. 6th Dist. 2013); McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004). As discussed above, Courts have permitted interest that is aggregated with principal to be collected in an action in *assumpsit*, which seeks restitution. Kawasho International, USA, Inc. v. Lakewood Pipe Serv., Inc., 152 Cal. App. 3d 785, 794-95 (Ct. of App. 2d Dist. 1983). Also, the Court does not find Plaintiff's arguments regarding the inapplicability of Kawasho to be persuasive. Therefore, if the interest and fees are aggregated with the principal balance, the recovery of these fees is permitted by law.

Plaintiff in his declaration states that the balance in the account statements he received from Capital One included interest and fees. [Doc. No. 27-6, Decl. of O'Bryne ¶ 9.] The account statement itself shows that a "finance charge" was included in the balance. [Doc. No. 27-8, Ex. A, Account Statement at 84.] Mr. Napolitano, Capital One's representative, explained during his deposition that "finance charge" refers to interest. [Doc. No. 27-8, Decl. of Napolitano at 34, 43-44.] Defendant states that the balance on Plaintiff's credit card "presumably

Case 3:12-cv-00447-IEG-NLS   Document 36   Filed 03/26/13   Page 13 of 14

included unpaid fees and interest." [Doc. No. 28, Def.'s Opp. at 15.] Both parties also confirmed during oral argument that interest and fees were aggregated to the principal balance. Because interest and fees were aggregated to the principal balance, Defendant was permitted to recover these fees under a theory of *assumpsit*. See Kawasho, 152 Cal. App. 3d at 794-95. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment asking the Court to find that attempting to recover fees and interest under theories of money lent; goods, wares, and merchandise; and unjust enrichment violates the FDCPA.

As Plaintiff is unable to demonstrate that Defendant made a false, deceptive, or misleading representation or that Defendant attempted to collect an amount that is not permitted by law, Plaintiff is unable show a violation of the FDCPA under either §§ 1692e and 1692f(1). Plaintiff in his FAC also alleges violations of 15 U.S.C. § 1692f generally, in addition to specifically enumerating § 1692f(1) and § 1692e. Plaintiff summarily alleges that Defendant violated the FDCPA "by using an unfair or unconscionable means to collect or attempt to collect a claimed debt." [Doc. No. 18, FAC ¶ 34.] Plaintiff does not provide facts or arguments to support this contention in its FAC or motion for summary judgment. Plaintiff does not even identify what conduct it believes to be unfair or unconscionable.

Both Plaintiff and Defendant moved for summary judgment on all of Plaintiff's claims, and requested that judgment be entered on their respective behalf, giving Plaintiff adequate notice that the sufficiency of his FDCPA claim, in its entirety, would be at issue. See Norse, 629 F.3d at 972. [Doc. No. 27-1, Pl.'s Mot. 25; Doc. No. 29-1, Def.'s Mot. at 18.] Plaintiff had adequate opportunity to brief his § 1692f argument in both his own motion and in opposition to Defendant's motion. See Oluwa, 133 F.3d at 1239. Even after drawing all reasonable inferences in favor of Plaintiff, see Hernandez, 343 F.3d at 1112, the Court finds that Plaintiff's unsupported allegations do not establish a violation of § 1692f, and warrant a grant of summary judgment in favor of Defendant on this portion of the

1  FDCPA claim.  See Fed. R. Civ. P. 56(f).  As Plaintiff is unable to establish a
2  violation of the FDCPA, the Court **GRANTS** summary judgment for Defendant as
3  to the entirety of Plaintiff's first cause of action.

    **C.**    **Second Cause of Action:  Violations of the Rosenthal Act**

Plaintiff moves for summary judgment as to its second cause of action, and contends that "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." [Doc. No. 27-1, Pl.'s Mot. at 17.]  The Rosenthal Act states that all debt collectors must comply with 15 U.S.C. §§ 1692b-1692j.  Cal. Civ. Code § 1788.17.  The Rosenthal Act incorporates the substantive provisions of the FDCPA.  See, e.g., Dupuy v. Weltman, Wienberg & Reis Co., 442 F.Supp.2d 822, 825 n.1 (N.D. Cal. 2006); Edstrom v. All Servs. and Processing, 2005 WL 645920, at *5 (N.D. Cal. Feb. 22, 2005).  As Plaintiff is unable to establish a violation of the FDCPA, the Court **DENIES** summary judgment as to Plaintiff's Rosenthal Act claims as well, and **GRANTS** summary judgment for Defendant.

Defendant also seeks summary judgment on other issues, including materiality.  [Doc. No. 29-1, Def.'s Mot. at 9-16.]  However, the Court need not reach these issues as it grants summary judgment for Defendant on both Plaintiff's first and second causes of action.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's motion for summary judgment is **DENIED**.  Defendant's motion for summary judgment is **GRANTED**, disposing of all claims in Plaintiff's FAC.  The Clerk of Court shall enter judgment in favor of Defendant and dismiss the action in its entirety, without leave to amend.

**IT IS SO ORDERED.**

**DATED:** March 26, 2013

                                      **IRMA E. GONZALEZ**
                                      **United States District Judge**